1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

9
10
11
12

BRUCE KENDALL BENN,
CDCR #P-59585,

                                    Plaintiff,


13

vs.


E. DUARTE; E. GARCIA;
J. KELLERMAN; G.J. JANDA;
LARRY SMALLS; R. MANUEL;
MATTHEW CATE;

                                    Defendants.

Civil No.      11cv1214 AJB (JMA)

**ORDER:**

**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO PARTIAL FILING FEE, GARNISHING $350 BALANCE FROM PRISONER'S TRUST ACCOUNT [ECF No. 2];**

**(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL [ECF No. 3]**

**AND**

**(3)  DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(3) &  28 U.S.C. § 1915(d)**

        Bruce Kendall Benn ("Plaintiff"), a state prisoner currently incarcerated at Salinas Valley State Prison, and proceeding pro se, has submitted a civil action pursuant to 42 U.S.C. § 1983. Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2], along with a Motion for Appointment of Counsel [ECF No. 3].

/ / /

1  **I.      MOTION TO PROCEED IFP [ECF NO. 2]**

2       All parties instituting any civil action, suit or proceeding in a district court of the United

3  States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28

4  U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee

5  only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See*

6  *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, prisoners granted leave to

7  proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their

8  action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2).

9       The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C.

10  § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to

11  28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.  Plaintiff's trust account statement shows that

12  he has no available funds from which to pay filing fees at this time.  *See* 28 U.S.C. § 1915(b)(4).

13  Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 2] and assesses no

14  initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the entire $350 balance of the

15  filing fee mandated shall be collected and forwarded to the Clerk of the Court pursuant to the

16  installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

17  **II.     INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)**

18       Notwithstanding IFP status or the payment of any partial filing fee, the Court must subject

19  each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order

20  the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon

21  which relief may be granted, or seeking monetary relief from a defendant immune from such

22  relief." 28 U.S.C. § 1915(e)(2)(B);  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en

23  banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte

24  dismiss an *in forma pauperis* complaint that fails to state a claim).

25       "[W]hen determining whether a complaint states a claim, a court must accept as true all

26  allegations of material fact and must construe those facts in the light most favorable to the

27  plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  In addition, the Court has a duty

28  to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839

1   F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v.*

2   *Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

3          Here, the Court finds Plaintiff's Complaint survives the sua sponte screening required

4   by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  *See Lopez*, 203 F.3d at 1126-27.   Accordingly, the

5   Court finds Plaintiff is entitled to U.S. Marshal service on his behalf.  *See* 28 U.S.C. § 1915(d);

6   FED.R.CIV.P. 4(c)(3).

7   **III.    MOTION FOR APPOINTMENT OF COUNSEL [ECF NO. 3]**

8          Plaintiff also requests the appointment of counsel to assist him in prosecuting this civil

9   action.  The Constitution provides no right to appointment of counsel in a civil case, however,

10  unless an indigent litigant may lose his physical liberty if he loses the litigation.  *Lassiter v.*

11  *Dept. of Social Services*, 452 U.S. 18, 25 (1981).  Nonetheless, under 28 U.S.C. § 1915(e)(1),

12  district courts are granted discretion to appoint counsel for indigent persons.  This discretion may

13  be exercised only under "exceptional circumstances."  *Terrell v. Brewer*, 935 F.2d 1015, 1017

14  (9th Cir. 1991).  "A finding of exceptional circumstances requires an evaluation of both the

15  'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se

16  in light of the complexity of the legal issues involved.'  Neither of these issues is dispositive and

17  both must be viewed together before reaching a decision."  *Id.* (quoting *Wilborn v. Escalderon*,

18  789 F.2d 1328, 1331 (9th Cir. 1986)).

19         Here, while the Court has found that Plaintiff's Complaint has survived the sua sponte

20  screening process such that it requires a response from Defendants, at this stage of the

21  proceedings the record is not developed to the point at which the Court can make an evaluation

22  on the likelihood of success on the merits.  In addition, at this stage, Plaintiff appears to be able

23  to articulate his claims as set forth above in the Court's determination  that he is entitled to U.S.

24  Marshal Service of his Complaint.   Accordingly, the Court denies Plaintiff's request without

25  prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment

26  of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d

27  at 1017.

28  / / /

1  / / /

2

3  **IV.    CONCLUSION AND ORDER**

4          Good cause appearing, **IT IS HEREBY ORDERED** that:

5          1.      Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is

6  **GRANTED**.

7          2.      The Secretary of California Department of Corrections and Rehabilitation, or his

8  designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee

9  owed in this case by collecting monthly payments from the account in an amount equal to twenty

10  percent (20%) of the preceding month's income and forward payments to the Clerk of the Court

11  each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

12  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER

13  ASSIGNED TO THIS ACTION.

14          3.      The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate,

15  Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502,

16  Sacramento, California 95814.

17          **IT IS FURTHER ORDERED** that:

18          4.      Plaintiff's Motion for Appointment of Counsel [ECF No. 3] is **DENIED** without

19  prejudice.

20          5.      The Clerk shall issue a summons as to Plaintiff's Complaint [ECF No. 1] upon the

21  Defendants and shall and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for

22  each Defendant.  In addition, the Clerk shall provide Plaintiff with a certified copy of this Order

23  and a certified copy of his Complaint and the summons for purposes of serving the Defendants.

24  Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285 as completely

25  and accurately as possible, and to return it to the United States Marshal according to the

26  instructions provided by the Clerk in the letter accompanying his IFP package.  Thereafter, the

27  U.S. Marshal shall serve a copy of the Complaint and summons upon the Defendants as directed

28  by Plaintiff on the USM Form 285.  All costs of service shall be advanced by the United States.

1    *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

2          6.      Plaintiff shall serve upon the Defendants or, if appearance has been entered by

3 counsel, upon Defendants' counsel, a copy of every further pleading or other document

4 submitted for consideration of the Court. Plaintiff shall include with the original paper to be

5 filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy

6 of any document was served on the Defendants, or counsel for Defendants, and the date of

7 service. Any paper received by the Court which has not been filed with the Clerk or which fails

8 to include a Certificate of Service will be disregarded.

9         **IT IS SO ORDERED.**

10

11 DATED: August 12, 2011

12                               _____

13                               Hon. Anthony J. Battaglia
                              U.S. District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28